IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEMONT HOPSON,

        Petitioner,

   v.                          No. 10-3072-SAC

STATE OF KANSAS,

        Respondent.

MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se, so the court liberally construes his pleadings. *See Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008).

**Procedural background**

Following a jury trial in June of 2004, Petitioner was convicted in the District Court of Sedgwick County, Kansas, of one count of possession of cocaine with intent to sell after two prior convictions, in violation of K.S.A. 65-4161(a)(c), and one count of no tax stamp, in violation of K.S.A. 79-5204. An earlier trial had resulted in a hung jury. Petitioner was sentenced to a term of 154 months imprisonment, then filed a direct appeal. The Kansas Court of Appeals affirmed Petitioner's conviction and sentence. *See State v. Hopson*, No. 93,543, 2006 WL 3056472, 144 P.3d 782 (Table) (Kan.Ct.App., Oct. 27, 2006). The Kansas Supreme Court subsequently

denied review, and the United States Supreme Court denied certiorari. 552 U.S. 847 (2007).

Petitioner then filed for state post-conviction relief pursuant to K.S.A. 60-1507 in the district court of Sedgwick County, Kansas. The Sedgwick County District Court denied that motion, and Petitioner appealed. The Kansas Court of Appeals affirmed the denial of post-conviction relief, *see* *State v. Hopson*, No. 101,135, 2009 WL 3378211, 217 P.3d 1018 (Table) (Kan. App. Oct. 16, 2009), and the Kansas Supreme Court denied review of that decision.

Petitioner timely filed this application for federal habeas corpus relief, making three claims: 1) denial of his right to confront a witness during his trial; 2) denial of his right to a fair trial because an officer committed perjury during his trial testimony; and 3) denial of his right to effective assistance of counsel. He also claims error in the denial of his state motion for post-conviction relief.

**Underlying facts**

The facts giving rise to the criminal case against the Petitioner were stated as follows on direct appeal:

> A police officer stopped Hopson for an expired and stolen license plate and malfunctioning brake light. After confirming his identity by his driver's license, the officer asked Hopson to exit the vehicle and placed him under arrest for the stolen license plate. Upon exiting the vehicle, Hopson dropped his cell phone, which rang approximately 18 times during the traffic stop. Officers handcuffed and patted Hopson down, read him his Miranda rights, and placed him in the back of a

2

patrol car. Shortly thereafter, officers discovered a plastic baggie containing a white rocky substance lying on the driver's side floorboard of the vehicle. The baggie's contents field-tested positive for cocaine.

Because the officers could not locate the vehicle's owner, they performed an inventory search of the vehicle and order it towed. During the inventory search, officers discovered $116 in crumpled bills in the console. Hopson moved around in the patrol vehicle's back seat during the ride to the detention facility and at one point leaned to his left until he was nearly lying on his side. When he exited the patrol car at the detention facility, an officer discovered a second plastic baggie containing a white rocky substance in the back seat. The officer testified she had cleaned out the back seat just prior to stopping Hopson and he was the first person to occupy the back seat after her last search.

Originally, the State tried Hopson on one count of possession of cocaine with intent to sell and one count of possession of cocaine with no drug stamp. The trial ended in a mistrial due to a hung jury. Prior to the second trial, the State amended the possession with intent to sell charge to possession with intent to sell after two prior convictions. The second jury convicted him.

*Hopson*, 2006 WL 3056472 at *1.

## Standards for 2254 motions

Federal habeas corpus relief is available under § 2254 only upon a showing that petitioner is in custody in violation of the constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, this court cannot correct errors of state law, and is bound by the state court's interpretation of its own law. *Id.*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern and circumscribe a federal court's review of petitioner's claims. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003). Under § 2254, as amended by AEDPA, the Court may not grant federal habeas

corpus relief unless the applicant establishes the state court's adjudication of the claims resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). *See Bobby v. Mitts*, ___ U.S.___,  131 S.Ct. 1762, 1763 (2011).

> A state-court decision is contrary to the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in Supreme Court cases, or if the decision confronts a factual scenario that is materially indistinguishable from a Supreme Court case but reaches a different result…. A state-court decision involves an unreasonable application of the Supreme Court's clearly established precedents if the decision applies Supreme Court precedent to the facts in an objectively unreasonable manner.

*Sperry v. McKune*, 445 F.3d 1268, 1271 (10th Cir.), *cert. denied*, 549 U.S. 1039 (2006), citing *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A legal principle is 'clearly established' … only when it is embodied in a holding of [ the Supreme Court]" as the governing legal principle when the state court renders its decision. *Thaler v. Haynes*, ___ U.S. ___, 130 S.Ct. 1171, 1173 (2010); *Lockyer*, 538 U.S. at 71-72. The application of clearly established Supreme Court law must be unreasonable, not just incorrect. *Renico v. Lett*, ___ U.S.___, 130 S.Ct. 1855, 1858 (2010). Additionally, the state court's factual determinations are presumed correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28

4

U.S.C. § 2254(e)(1).

**Discussion**

    **Confrontation clause**

Petitioner first contends that he was denied his constitutional right to confrontation[1] because the trial court denied him the opportunity to call Officer Williamson as a witness at trial. Officer Williamson was one of the officers present at the time of Petitioner's arrest for the criminal charges in his underlying case. Petitioner alleges that Officer Williamson's information report was admitted at trial through Officer Cavanaugh's testimony, but that he was unable to confront Officer Williamson about the discrepancy between his report and the testimony of Officers Rago and Cavanaugh. Respondent contends that this issue is procedurally defaulted due to Petitioner's failure to address it on direct appeal.

The doctrine of procedural default ensures that a criminal defendant gives the state courts a full and fair opportunity to address the defendant's constitutional claims before resort is had to federal court. Under this doctrine, "[c]laims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the [applicant] can demonstrate cause and prejudice or a

_____

[1]The Confrontation Clause of the U.S. Constitution provides in relevant part that: "In all criminal prosecutions, the accused shall enjoy the right … to be confronted with witnesses against him…." U.S. Const. Amend. VI.

fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009). *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause for the default, the petitioner must demonstrate "that some objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.; McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991); *Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

In some instances, a federal court has before it a written opinion which clearly provides that a state court's decision to deny relief was based on an adequate and independent state procedural rule. Such is the case here. This confrontation issue was not raised on direct appeal, but was raised in petitioner's 60-1507 proceeding where the state court found that this issue should have been raised on direct appeal, and that no exceptional circumstances excused that failure. Case No. 08-CV-899, Order denying 60-1507 relief, p. 2-3, *citing* Kan.Sup.Ct.Rule 183(c)(3).

Under Kansas law, mere trial errors must be corrected by a direct appeal unless the trial errors affected one's constitutional rights and exceptional circumstances excused the petitioner's failure to raise the issue in the direct appeal. Supreme Court Rule 183(c)(3) (2003 Kan. Ct. R. Annot. 213). This rule is a firmly established and regularly followed state procedural

rule. *See e.g., Rowland v. State,* 289 Kan. 1076 (2009); *State v. Swisher,* 281 Kan. 447, 450 (2006); *Bruner v. State,* 277 Kan. 603 (2004).

> 'Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citation omitted.]" *Woodberry v. State,* 33 Kan.App.2d 171, 175, 101 P.3d 727, *rev denied* 278 Kan. 853 (2004).

*Rodriguez v. State,* 189 P.3d 580, 2008 WL 3367543 at *3 (Kan. App. Aug. 8, 2008).

No exceptional circumstances have been shown here. During his direct appeal, Petitioner was represented by counsel who chose to raise other issues. Petitioner's present motion states that the confrontation issue was not raised on direct appeal because his appellate attorney followed the recommendation of his trial counsel. Dk. 1, p. 6. This is professionally reasonable conduct and not an exceptional circumstance which would excuse the procedural default.

The Kansas Court of Appeals affirmed the district court's ruling, finding that these claims alleged mere trial errors which should have been raised on direct appeal, and that Petitioner alleged no exceptional circumstances warranting review in the collateral action. *Hopson,* 2009 WL 3378211, 217 P.3d 1018, *2 (Table) (Kan. App. 2009). Accordingly, Petitioner's claims are defaulted by an independent and adequate state procedural bar.

Petitioner has not shown cause and prejudice as a result of the alleged violation of his right to confrontation. "Cause" under this test must be

something external to the petitioner. *Coleman*, 501 U.S. at 753.

Petitioner claims ineffective assistance of counsel as cause for his procedural default, but as noted below, his claim of ineffective assistance of counsel is itself procedurally defaulted. An ineffective assistance of counsel claim asserted as "cause" must first have been presented to the state courts as an independent claim. *See Murray*, 477 U.S. at 488-89; *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Fleeks v. Poppell*, 97 Fed.Appx. 251, 261 n.7 (10th Cir.), *cert. denied*, 543 U.S. 933 (2004).

Secondly, Petitioner cannot demonstrate that he suffered any prejudice from trial counsel's failure to raise this issue, because the issue lacks merit. Counsel cannot be found ineffective for failing to raise meritless claims. *See  Strickland v. Washington*, 466 U.S. 668, 691-96 (1984) (no ineffective assistance of counsel absent a showing of reasonable probability that outcome would have been different); *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (failure to raise meritless argument cannot constitute ineffective assistance of counsel). In denying Petitioner's 60-1507 petition, the state court alternatively made a factual finding that Petitioner was not denied his right of confrontation, stating:

> A review of the record indicates Officer Williamson did not testify at the second trial. Movant is mistaken, however, in claiming that Williamson was "excluded" from testifying. The record indicates that Williamson was present during trial and was available to testify. … In fact, defense counsel indicated that he expected Williamson to be called to the stand. …. Ultimately, though, neither the State nor the defense called Williamson as a witness. In no way, however, was

movant prevented from calling Williamson to the stand and asking him and questions he so desired. Moreover, the record further reveals that it was defense counsel who asked Cavanaugh questions about Williamson's report, noting that Williamson's report was not consistent with Cavanaugh's recollection with respect to which officer removed drugs from the vehicle movant was driving…. Simply put, the fact that Officer Williamson did not testify did not deny movant the right to confront his accuser, when there was nothing to stop the defense from calling Williamson to the stand.

Case No. 08-CV-899, Order denying 60-1507 relief, p. 3. Petitioner has not challenged these facts, and they conclusively show no merit to his claim of being denied his right to confront the witnesses against him.

**Perjury**

Petitioner secondly contends that Officer Rago's trial testimony was perjured because it conflicted with statements he made in his written report, and went beyond matters included in that report. Dk. 1, p. 7-8. Petitioner contends that Rago fabricated that he found drugs so he could "secure a legal justification to a felony search and effectuate a full custodial valid felony arrest." Dk. 20, p. 11. Respondent counters that this issue is procedurally defaulted.

In his traverse, petitioner  identifies the following information as the defective and manufactured information, which was used for probable cause to file charges:

> Rago testified that once he exited the passenger, at that moment he viewed drugs on the driver's side floor. (R. II 48, 16-19) and then pointed it out to Cavanaugh, who then collected it. (R. II 40, 5-9).
> When asked about stating that Cavanaugh removed drugs from

the vehicle and if this is reflected in his report he states no and that he only informed her about it. (R. II 53, 8-25).

Then when asks about him stating in his report about Williamson gathered the white powdery substance and that's the only time he talked about anybody gathering any type of drugs he states correct. (R. II 65, 4-21 and Exhibit A.)

Dk. 20, p. 9. Petitioner alleges that perjury is shown because Rago changed his corroboration from Williamson at the time of the incident, to Cavanaugh at the time of both trials, and tried to clear up his testimony by using "offending inaccuracies." *Id.* p. 13.

Petitioner alleged in his K.S.A. 60-1507 petition that Officer Rago committed perjury. On appeal, however, he failed to adequately brief that claim. The Kansas Court of Appeals relied upon the rule that issues not briefed by an appellant are deemed waived or abandoned, and found this claim was not properly before it. *Hopson*, 2009 WL 3378211 at *2. This ruling was based on a well established and regularly followed state rule of procedure. *See e.g., State v. Martin*, 285 Kan. 994, 998, *cert. denied*, 129 S.Ct. 192 (2008); *State v. Edwards*, 260 Kan. 95, 98 (1996). Thus this claim is defaulted by an independent and adequate state procedural bar.

Further, no cause or prejudice has been shown. The state court, in reviewing Petitioner's post-trial motion, found no merit to the claim of perjury, stating:

[the facts] do not in any way indicate Rago perjured himself. At most, they indicate that Rago's written report did not contain exactly the same information that he provided in his testimony, specifically as it pertained to which officer found the drugs and or removed the

10

> contraband from the vehicle... The fact that Rago's report was not
> entirely consistent with his testimony does not demonstrate that Rago
> perjured himself. Indeed, Rago readily admitted to the contents of his
> report on cross-examination. ... Movant is trying to turn a question of
> witness credibility into a claim of perjury; the record does not support
> his claim.

08-CV-899, Order denying 60-1507 relief, p. 4.

This court has independently reviewed the record and agrees that it

conclusively shows no merit to Petitioner's claim that Officer Rago committed

perjury in his trial.

### Miscarriage of justice exception

Nor has Petitioner demonstrated that he qualifies for review under the

fundamental miscarriage of justice exception. *Herrera*, 506 U.S. at 403-404;

*Sawyer*, 505 U.S. at 339-341. To avoid procedural default by virtue of this

"very narrow exception," *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995),

petitioner must supplement his constitutional claim with a "colorable

showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454

(1986); *Batrez Gradiz v. Gonzales*, 490 F.3d 1206, 1209 (10th Cir. 2007).

Petitioner has not referred to any new evidence or omissions in the record

which indicate a significant probability that he was actually innocent, or

otherwise made a colorable claim of actual innocence. Alternatively,

however, even if considered on the merits, Petitioner's  claims fail as noted

above.

### Ineffective Assistance Claims

Petitioner next contends that his trial counsel was constitutionally ineffective for not raising during trial the confrontation clause and perjury issues. Respondent contends that this claim is procedurally defaulted.

Petitioner's 60-1507 petition challenged counsel's conduct only with respect to Officer Rago's testimony. *Hopson*, 2009 WL 3378211 at *2. Petitioner alleged in his K.S.A. 60-1507 petition that his counsel was deficient for failing to object to Officer Rago's alleged perjured testimony, but on appeal, he failed to adequately brief that claim. The Kansas Court of Appeals held that issues not briefed by an appellant are deemed waived or abandoned, thus this claim was not properly before it. *Hopson*, 2009 WL 3378211 at *2. This ruling was based on a well established and regularly followed state rule of procedure. *See e.g., Kingsley v. Kansas Dept. of Revenue,* 288 Kan. 390, 395 (2009); *State v. Martin*, 285 Kan. 994, 998 (2008); *State v. Edwards*, 260 Kan. 95, 98 (1996).

 Petitioner did not allege in his K.S.A. 60-1507 petition that counsel was ineffective for not having called Officer Williamson as a witness. The Kansas Court of Appeals found that Petitioner had failed to raise this claim below, and held that "[i]ssues not raised before the trial court cannot be raised on appeal." *Hopson*, 2009 WL 3378211 at *2. That rule is both firmly established and regularly followed. *See e.g., In re Care & Treatment of Miller*, 289 Kan. 218, 224–25 (2009); *State v. Warledo*, 286 Kan. 927, 938 (2008); *Jarboe v. Board of County Com'rs of Sedgwick County,* 262 Kan.

615, 622 (1997).

Thus, both of Petitioner's ineffective assistance of counsel claims are procedurally defaulted. Petitioner has neither shown cause and prejudice, nor a miscarriage of justice. Therefore, his claims of ineffective assistance of counsel are barred from federal habeas review.

### Error in 60-1507 proceedings

Petitioner's last claim is that the state district court erred in denying his 60-1507 petition. Dk. 1, p. 11.

The federal constitution does not require a state to provide any post-conviction review. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus grounds for relief that focus only on the process afforded in a Kansas post-conviction proceeding and not on the conviction which led to the petitioner's incarceration fail to state a claim cognizable in a federal habeas proceeding. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998). Furthermore, to the extent Petitioner's claims of error are based upon state law, such violations do not amount to grounds for federal habeas corpus relief, as federal courts do not review alleged errors of state law. *Estelle*, 502 U.S. at 67-68. As the Tenth Circuit has consistently held, an attempt by a petitioner to challenge state post-conviction procedures fails to state a federal constitutional claim cognizable in a federal habeas proceeding. *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993). *See also Beeman v. Ortiz*, 161 Fed. App'x 767,

13

768-69 (10th Cir.), *cert. denied*, 549 U.S. 858 (2006), (*citing Sellers*, 135 F.3d at 1339); *Graves v. Boone*, 201 F.3d 447, 1999 WL 1079626 at *2 (10th Cir. Nov. 30, 1999), *cert. denied*, 529 U.S. 1087 (2000).

**Evidentiary hearing**

The court determines that an evidentiary hearing is not required in this case. "[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." *Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005); *see Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). The court finds that the record in this case refutes Petitioner's allegations and otherwise precludes habeas relief.

**Certificate of appealability**

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See United States v. Bedford*, 628 F.3d

14

1232 (10th Cir. 2010). "When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in it procedural ruling." *Slack*, 529 U.S. at 484. Neither of these standards is met here. For the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 (Dk. 1) is denied.

IT IS FURTHER ORDERED that this action is dismissed and all relief is denied.

Dated this 18th day of August, 2011.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge