IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DE'MONT HOPSON,

        Petitioner,

v.                                  No. 10-3072-SAC

STATE OF KANSAS, ET AL.,

        Respondents.

MEMORANDUM AND ORDER

This matter is before the Court on two motions filed by petitioner: 1) petitioner's "motion to reconsider" the Court's Memorandum and Order (Doc. 21) denying his petition for federal habeas relief from a state conviction; and 2) petitioner's motion for leave to appeal in forma pauperis.

**Motion to Reconsider**

The Federal Rules of Civil Procedure do not provide for the filing of a "motion to reconsider." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)). Instead, the Court construes such a filing as either a Rule 59(e) motion or a Rule 60(b) motion, depending upon the timing of the filing of the motion. *Id.* A motion to reconsider filed within ten days after entry of judgment is considered a Rule 59(e) motion, whereas a motion to reconsider filed more than ten days after the entry of judgment is considered a motion for relief under Rule 60(b).

*Price v. Philpot,* 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner's motion for reconsideration was filed within ten days of the Court's judgment, so will be construed as one to alter or amend the judgment pursuant to Rule 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).

Relief under Rule 59(e) is warranted where the movant meets his burden to show an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*. Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

Petitioner's motion, liberally construed, asserts the following grounds for relief: 1) Officer Rago's trial testimony was perjured; 2) petitioner adequately briefed his claims on appeal in state court; 3) petitioner was denied his constitutional right to confront Officer Williamson; and 4) petitioner's counsel was constitutionally ineffective in permitting Officer Rago to commit perjury and in not calling Officer Williamson to the stand. Dk. 23.

In his motion for reconsideration, petitioner does not demonstrate that reconsideration is justified because of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Rather, he merely asserts the same arguments the Court has already addressed. Nonetheless, the court has reexamined the facts which gave rise to its conclusions that petitioner's claims were procedurally defaulted, as well as its previous conclusions, and finds them to be accurate. The court has also considered petitioner's arguments concerning the merits of his claims but finds no grounds that justify granting reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

**Motion for Leave to Appeal IFP**

The court additionally notes that defendant has filed a motion for leave to appeal *in forma pauperis*. Pursuant to Federal Rule of Appellate Procedure 24(a)(3) and 28 U.S.C. § 1915(a)(3), to grant Petitioner leave to appeal *in forma pauperis*, the Court must find that Petitioner is unable to pay his filing fees and costs, and that there is "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991). 28 U.S.C. § 2253(c) provides that "an appeal may not be taken" in the absence of the granting by the Court of a certificate of appealability. This Court has previously denied a certificate of appealability. (Doc. 21). Petitioner has failed to show how his

appeal is taken in good faith, given the Court's denial of a COA and the resulting statutory bar of his appeal. Further, petitioner has failed to show that he is currently unable to pay his appellate fees or costs. *See* 28 U.S.C. § 1915(a)(2).[1]

IT IS THEREFORE ORDERED that petitioner's motion to reconsider (Doc. 23) is denied.

IT IS FURTHER ORDERED that defendant's motion to appeal *in forma pauperis* (Doc. 28) is denied.

Dated this 14th day of September, 2011.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[1] A prisoner seeking to bring a civil appeal without prepayment of fees, in addition to filing the required affidavit, shall submit a certified copy of his trust fund account statement *for the 6-month period immediately preceding the filing of the notice of appeal*, obtained from the appropriate official. That petitioner was granted leave to proceed IFP in this court in April of 2010, *see* Doc. 3, is thus insufficient to meet this requirement.